UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SECURITIES AND EXCHANGE COMMISSION, )
)
Plaintiff, )
)
v. ) Case No. 19-CV-11416 (WGY)
)
HENRY B. SARGENT, )
)
Defendant. )

## AFFIDAVIT OF NATASHA ESKANDAR REGARDING POST-VERDICT INTERVIEWS WITH MEMBERS OF THE JURY PANEL

STATE OF NEW YORK )
) ss.
COUNTY OF NEW YORK )

NATASHA ESKANDAR, being sworn, states as follows:

1.　I am a paralegal at Moskowitz & Book, LLP, counsel for defendant Henry B. Sargent in this action. I offer this affidavit in support of Mr. Sargent's Motion for a new trial.

2.　On April 4, 2022, immediately following the verdict rendered in the above-referenced action, in the United States District Courthouse, Boston, Massachusetts, I engaged in the conversations summarized below with members of the jury empaneled in this action and following their discharge from jury duty. Each by-then former juror, with the one exception identified below, voluntarily and freely provided the below information. The order below follows the order of my conversations with the identified jurors.

3.　**Juror #11:** This juror claimed that the scope of the rules on the verdict sheet was too broad. He said the Commission can get "literally anyone" with such broad rules. This juror also told me that he did not understand the meaning of "affiliate" and that the jurors could not understand the Court's

instructions about its meaning. Juror #11 specifically referenced a letter from Henry Sargent to Alpine Securities. The juror also volunteered that he did not understand much of what the jury was deliberating. The juror ended by saying that Mr. Sargent did not do anything wrong.

4. **Juror #6:** This juror stated that he disagreed with the verdict, and it did not go the way he wanted it to go or the way he thought it should have gone. He shrugged and said that was all he could tell us about the matter.

5. **Juror #7:** This juror refused to speak to me and put his hand in my face.

6. **Juror #9:** This juror said that a couple of jurors in the room claimed to know more about securities and stocks, explained what conduct violated the law beyond what was part of the evidence, and explained their own understanding of securities rules beyond the Court's legal instructions to them. These were the jurors who guided the rest of the jury to the verdict. Juror #9 said they followed those jurors because most did not understand much of what was presented to them and that the jury instructions were too confusing to follow. She said she did not think Mr. Sargent was guilty.

7. **Juror #10:** This juror expressed frustration very similar to the frustration expressed by Juror #9. She said a couple of jurors were more "knowledgeable" about securities, stocks, and the government and discussed issues and facts that were not part of the trial. She said she followed those jurors when it came to identifying what securities offenses might have occurred. Additionally, Juror #10 expressed that she did not understand whether BMP was considered a shell company or not. She did not understand how to tell apart a shell and a non-shell company. This was a point of frustration among several of the jurors, according to Juror #10, and that the issue of "shell" was a significant factor in the jury deliberations.

8. **Juror #4:** This juror said she did not understand the charge given by the Court because the language "is so broad." Additionally, she said that she did not understand the actual laws,

identifying, in particular, the Securities Act. Juror #4 also expressed frustration with the S-1 Registration Statement, claiming it was "intimidating."

9.  Either Juror #4 or Juror #10 also said that the jury verdict sheet, and especially the Court's change of instructions regarding which questions needed to be answered, was especially confusing.

Signed under the penalties of perjury on this 6th day of April 2022.

MOSKOWITZ & BOOK, LLP

*/s/ Natasha Eskandar*

Natasha Eskandar
345 Seventh Avenue, 21st Floor
New York, New York 10001
(212) 221-7999
*Attorneys for Defendant*

Sworn to before me this

6th day of April, 2022

*/s/ Christopher R. Neff*

Christopher R. Neff
Notary Public, State of New York
Qualified in Kings County
Reg. No. 02NE6287085
Commission Expires Oct 12, 2025

4

## CERTIFICATE OF SERVICE

I, Peter R. Ginsberg, certify that on April 6, 2022, this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF and paper copies will be sent to any indicated as non-registered participants.

/s/ Peter R. Ginsberg