UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| HENRY B. SARGENT, | ) ) ) |
| Defendant. | ) ) ) |

Case No. 19-CV-11416 (WGY)

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR RECUSAL AND REASSIGNMENT**

Defendant Henry Sargent respectfully submits this memorandum of law in support of his motion, pursuant to Local Rule 40.1(k)(1), that this Court recuse itself from all post-remand proceedings herein and submit this matter to the Clerk of Court for random reassignment to a different District Judge.

**RELEVANT PROCEDURAL HISTORY**

On April 4, 2022, following jury trial, this Court summarily denied Mr. Sargent's timely request to poll the jury upon pronouncement of its verdict, in violation of Federal Rule of Civil Procedure Rule 48(c).  Mr. Sargent timely moved for a new trial pursuant to Fed R. Civ. P. 48(c) as a result of that error.  [ECF Doc. 243.]  At a hearing on April 21, 2022, this Court acknowledged that the refusal to poll the jury was inexcusable and violative of Mr. Sargent's rights, then recused itself from determining what remedy was appropriate.

Following this Court's partial recusal, this matter was randomly assigned to Judge Stearns. On June 2, 2022, Judge Stearns held that this Court's error required granting Mr. Sargent's motion for a new trial.  The SEC pursued an interlocutory appeal of that determination.

On April 18, 2023, the First Circuit agreed with Judge Stearns and remanded this matter for a new trial. The First Circuit's Mandate issued on June 12, 2023. This Court promptly scheduled a remote status conference, to be held by video, for June 15, 2023.

At the June 15, 2023 status conference, the Court indicated that it does not intend to recuse itself or to cause this matter to be reassigned for further proceedings, rejecting Mr. Sargent's argument that the First Circuit's mandate divests this Court of authority over this matter. The Court instead pronounced that it intends to preside over the retrial of this matter, tentatively scheduled to begin in September 2023, and to continue issuing orders and mandates in this matter.

For the reasons that follow, this Court must recuse itself from further proceedings herein and direct that this matter be reassigned randomly to a different District Judge.

## **REASSIGNMENT IS MANDATORY**
## **WHEN A CASE IS REMANDED FOR A NEW TRIAL**

The assignment of cases among judges in this District is governed by Local Rule 40.1. The assignment of cases following remand from the First Circuit is governed by Section (k) of that rule, which provides:

> **(k) Proceedings after Appeal.**
>
> **(1)** When an appellate court remands a case to this court for a new trial, **the case shall be reassigned** to a district judge other than the judge before whom the first trial was held.
>
> **(2)** In all other cases in which the mandate of the appellate court requires further proceedings in this court, such proceedings shall not be conducted before the district judge before whom the prior proceedings were conducted unless the terms of the remand require that further proceedings be conducted before the original judge or unless the judge determines that there will result a substantial saving in the time of the whole court and that there is no reason why, in the interest of justice, further proceedings should be conducted before another judge. If the judge before whom the prior proceedings were conducted does not retain the case for further proceedings, that judge shall return it to the clerk for reassignment.

Local Rule 40.1(k) (as amended effective August 7, 2020) (emphasis added).

The First Circuit Court of Appeals remanded this case for a new trial. The required process for administering this case thus falls squarely within the mandate of Local Rule 40.1(k)(1). As expressly stated by the Local Rule, this matter, having been remanded for retrial, "***shall be reassigned*** to a district judge other than the judge before whom the first trial was held." Local Rule 40.1(k)(1) (emphasis added). Rule 40.1(k)(1) divests this Court of authority to act in this matter.

Subsection (k)(1) of Local Rule 40.1 is mandatory by its terms. Reassignment under the Rule is required, not discretionary. Local Rule 40.1(k)(1) mandates reassignment. Its use of the term "shall" provides for no exceptions and permits no exercise of discretion.

As the Supreme Court has repeatedly explained, the term "shall," as used in Section (k)(1) of the Local Rule, "normally creates an obligation impervious to judicial discretion." *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35 (1998). "Unlike the word 'may,' which implies discretion, the word 'shall' usually connotes a requirement." *Maine Cmty. Health Options v. United States*, 206 L. Ed. 2d 764, 140 S. Ct. 1308, 1320 (2020) (*citing Kingdomware Technologies, Inc.* v. *United States*, 136 S.Ct. 1969, 1977 (2016)). *See also Anderson v. Yungkau*, 329 U.S. 482, 485 (1947) ("The word 'shall' is ordinarily '[t]he language of command'"); A. Scalia & B. Garner, Reading Law: The Interpretation of Legal Texts 114 (2012) ("[W]hen the word shall can reasonably read as mandatory, it ought to be so read"); Toby J. Heytens, Reassignment, 66 Stan. L. Rev. 1, 12, notes 54-56 (2014) (describing reassignment as "mandatory" under Local Rule 40.1(k)(1) when a case is remanded for a new trial, and as "presumptive" under Local Rule 40.1(k)(2) when remanded for other purposes).

The mandatory nature of reassignment under Local Rule 40.1(k)(1) has been clearly established for more than fifty years. *See Halliday v. United States*, 380 F.2d 270, 272 (1st Cir. 1967) (noting that "[w]e have more than once indicated, without in any way suggesting any personal criticism, that the second trial should be before another trier," analyzing the policy considerations underlying the reassignment rule and concluding that "the best practice dictates … a policy" of mandatory reassignment on remand for retrial).

The rule of practice embraced by the First Circuit in *Halliday* was codified in the Local Rules, and the relevant Local Rules have consistently been interpreted to require reassignment on remand for retrial ever since.[1] In 1990, a district judge declined to reassign a matter after it was remanded for a new trial. The plaintiff sought a writ of mandamus, arguing that the rule requiring reassignment—then numbered as Local Rule 8(i)—was mandatory, and that it was entitled to have its case heard on retrial by a different district judge. Treating the petition for a writ of mandamus as a motion for clarification of its decision remanding the case, the First Circuit agreed that reassignment was required:

> We direct that this remand proceeding be handled by a judge other than the judge who originally heard and decided the case. We do so entirely without criticism of the original judge. We, believe, however, that a new judge is indicated under principles to which this circuit has adhered since at least 1967 when it decided *Halliday v. United States*, 380 F.2d 270, 272. Massachusetts Local Rule 8(i) [now Local Rule 40.1(k)] grew out of those principles and should be interpreted consistently with them.

---

[1] Indeed, during oral argument in this matter before the First Circuit on February 9, 2023, Judge Sandra Lea Lynch responded to the Commission's proposal that the matter be returned to the trial judge for purposes of a harmless error analysis with a dismissive, "You can't be serious." Recording of Oral Argument at 46:11, *available at* https://www.ca1.uscourts.gov/sites/ca1/files/oralargs/22-1596_20230209.mp3; *see also id.* at 22:28 and 26:04.

> Local Rule 8(i) provides that when an appellate court remands for a new trial, "the case shall be reassigned to a judge other than the judge before whom the first trial was held."
>
> …
>
> We may have confused matters by also stating … that we left the proper application of Local Rule 8(i), and the question of assignment of a new judge, to the district court. This diplomatic language was not intended, however, to sanction overriding the plain language of our original opinion and of the Local Rule.

*In re Dedham Water Co.*, 901 F.2d 3, 3–4 (1st Cir. 1990). Thus, even though the First Circuit's opinion had not expressly required reassignment, the fact that the remand would result in a new trial made reassignment mandatory—and the original district court had no discretion to retain the case after remand. *Id.* The same is true in this case.

Consistent with the mandatory language of Rule 40.1(k)(1), courts in this District consistently return cases to the Clerk for random reassignment whenever they are remanded for retrial. *See*, *e.g.*, *Mullane v. Chambers*, CIV.A.98–11797–WGY (initially tried before Hon. Robert E. Keeton, then randomly redrawn to this Session of the Court on remand for retrial, as required by Local Rule 40.1(k)(1)); *Peabody Essex Museum, Inc. v. U.S. Fire Ins. Co.*, No. 06CV11209-NG, 2010 WL 3895172, at *5 (D. Mass. Sept. 30, 2010) (reciting procedural history and noting that Local Rule 40.1(k)(1) "requires reassignment of a case when it is remanded for a new trial"). Indeed, counsel has been unable to identify in the public record a single instance in which the same district judge who presided over the first trial of a matter also presided over the retrial of that matter after remand.

In sum, the established and longstanding rule that Courts in this District must reassign cases when they are remanded for retrial must be applied here as well. The First Circuit affirmed that practice as being the best practice more than half a century ago, was made mandatory when codified in the Local Rules, and has been scrupulously observed ever since. This Court must obey

the mandate of Local Rule 40.1(k)(1) and the practice embraced by the First Circuit and by all other Courts in this District by recusing itself from all further proceedings in this matter and returning it to the Clerk for random reassignment.

## CONCLUSION

For all of the preceding reasons, and based upon all of the authorities cited herein, Defendant respectfully moves this Court to recuse itself from all further proceedings herein and to return this case to the Clerk for random reassignment to a different District Judge.

Dated:   New York, New York
         June 19, 2023

>                               MOSKOWITZ COLSON GINSBERG
>                               & SCHULMAN, LLP
>
>                                   /s/ Peter R. Ginsberg
>                               Peter R. Ginsberg (admitted *pro hac vice*)
>                               Christopher R. Neff (admitted *pro hac vice*)
>                               80 Broad Street, Suite 1900
>                               New York, New York 10004
>                               (212) 257-6455
>                               *Attorneys for Defendant Henry Sargent*

## CERTIFICATE OF SERVICE

I, Peter R. Ginsberg, certify that on June 19, 2023, this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF and paper copies will be sent to any indicated as non-registered participants.

>                                   /s/ Peter R. Ginsberg