UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                           )
SECURITIES AND EXCHANGE COMMISSION,)
                           )
              Plaintiff,   )
                           )         CIVIL ACTION
         v.                )         NO. 19-11416-WGY
                           )
HENRY B. SARGENT,          )
                           )
              Defendant.   )
                           )
```

YOUNG, D.J.                                July 12, 2023

**ORDER FOR PARTIAL JUDGMENT PURSUANT TO FED. R. CIV. P. 54(b) AS TO DEFENDANT HENRY SARGENT CONCERNING SECTIONS 5(a) AND 5(c) OF THE SECURITIES ACT OF 1933**

The Securities and Exchange Commission (the "Commission") moved for partial summary judgment, and the Court granted the Commission's motion for partial summary judgment, ruling that Henry B. Sargent ("Defendant") has violated Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act"). Sec. & Exch. Comm'n v. Sargent, 589 F. Supp. 3d 173 (D. Mass. 2022). Having obtained this ruling, the Commission seeks a variety of sanctions, both equitable and legal. Having conducted an evidentiary hearing on the issue of equitable disgorgement and heard the parties on these issues, the Court enters judgment on the Third Claim for Relief in the Commission's complaint as follows:

[1]

## I.   General Injunction

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(i) Unless a registration statement is in effect as to a security, making use of any  means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(ii) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(iii) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration

statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

## II.   Specific Injunction as to Penny Stock

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is, for a period of ten years from the date hereof, barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the two foregoing paragraphs also bind the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).[1]

---

[1] This equitable injunction is based solely on the violations of sections 5(a) and 5(c) of the Securities Act of 1933. The Court reserves its right to expand this injunction should such expansion be warranted by the ultimate jury verdict. Contrarywise, should that verdict exonerate the Defendant, the Court will reconsider the injunction imposed herein.

[3]

### III. Equitable Disgorgement

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $562,786, representing a portion of net profits gained as a result of the conduct alleged in the Complaint in the Third Claim for Relief, together with prejudgment interest thereon in the amount of $142,132, and a civil penalty in the amount of $630,979 pursuant to Section 20(d)(1) of the Securities Act [15 U.S.C. §77t(d)(1)]. Defendant shall satisfy this obligation by paying $1,335,897 to the Securities and Exchange Commission within 30 days after entry of this Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

                    Enterprise Services Center
                    Accounts Receivable Branch
                    6500 South MacArthur Boulevard
                    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Henry Sargent as a defendant in this action; and specifying that payment is made pursuant to this Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Judgment.

Defendant shall pay post judgment interest on any amounts due after 30 days of the entry of this Judgment pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may distribute so much of the Fund as relates to the 81 Preliminary Claimants, subject to the Court's approval, in the manner described in the Preliminary

Distribution Plan attached to ECF 325-1. Administrative costs, as defined in the Preliminary Distribution Plan, are not to exceed $125,000. The Court shall retain jurisdiction over the administration of any distribution of the Fund, and the Fund may only be disbursed pursuant to an Order of the Court.

The remainder of the Fund shall be held in escrow pending the entry of a final judgment in this matter. The Court may well have further guidance as to this matter by then. See generally the issues raised in Jarkesy v. Sec. & Exch. Comm'n, 34 F.4th 446 (5th Cir. 2022), cert. denied sub nom. Jarkesy v. SEC, No. 22-991, 2023 WL 4278466 (U.S. June 30, 2023), and cert. granted sub nom. SEC v. Jarkesy, No. 22-859, 2023 WL 4278448 (U.S. June 30, 2023); Philip Hamburger, Is Administrative Law Unlawful? 148-54, 242-48 (U. of Chi. Press, 2014); Linda D. Jellum, The Sec's Fight to Stop District Courts from Declaring Its Hearings Unconstitutional, 101 Tex. L. Rev. 339 (2022).

## IV.  Penalty

Imposition of a penalty is a quintessentially legal remedy. In a jury case, absent a jury verdict or a ruling that obviates the need for a jury, it is beyond the constitutional power of this Court to impose a penalty. Tull v. United States, 481 U.S. 412, (1987); Jarkesy v. Sec. & Exch. Comm'n, 34 F.4th 446 (5th Cir. 2022), cert. denied sub nom. Jarkesy v. SEC, No. 22-991, 2023 WL 4278466 (U.S. June 30, 2023), and cert. granted sub

nom. <u>SEC</u> v. <u>Jarkesy</u>, No. 22-859, 2023 WL 4278448 (U.S. June 30, 2023) A full opinion will follow.

     IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

     Here there is a just reason for delay – the pendency of the September re-trial before a jury. Therefore, this partial judgment shall <u>not</u> enter until appropriate.

WILLIAM G. YOUNG
JUDGE
of the
UNITED STATES[2]

---

    [2] This is how my predecessor, Peleg Sprague (D. Mass. 1841-1865), would sign official documents.  Now that I'm a Senior District Judge I adopt this format in honor of all the judicial colleagues, state and federal, with whom I have had the privilege to serve over the past 45 years.