UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                                      )
SECURITIES AND EXCHANGE COMMISSION,   )
                                      )
                  Plaintiff,          )
                                      )        CIVIL ACTION
             v.                       )        NO. 19-11416-WGY
                                      )
HENRY B. SARGENT,                     )
                                      )
                  Defendant.          )
                                      )
```

YOUNG, D.J.                              July 9, 2025

**ORDER REINSTATING INJUNCTION AND RETURNING CASE TO THE CLERK FOR REASSIGNMENT TO A JUDICIAL OFFICER FOR FURTHER PROCEEDINGS**

On February 13, 2025, the Court of Appeals of the First Circuit vacated the injunction this Court had entered against defendant Henry B. Sargent ("Sargent"), and remanded the action with instruction to this Court to "assess the appropriateness of injunctive relief and civil penalties for Sargent's section 5 violation." Securities and Exch. Comm'n v. Sargent, 129 F. 4th 1 (1st Cir. 2025). Accordingly, the Court provides its rationale and reaffirms its issuance of its injunction and, as to the civil penalty issue orders that this action be returned to the Clerk for reassignment pursuant to Local Rule 40.1 for another judicial officer to consider that separate matter.[1]

---

[1] The Court interprets the First Circuit's "remand to give the district court an opportunity to consider afresh the injunction

## A. The Injunction Issue

On January 13, 2022, after a full hearing, this Court tentatively granted the United States Securities and Exchange Commission's motion for partial summary judgment.  Elec. Clerk's Notes, ECF No. 189.  On March 8, 2022, the Court issued its Memorandum of Decision confirming that decision.  Securities and Exch. Comm'n v. Sargent, 589 F. Supp. 3d 173 (D. Mass. 2022).

On July 12, 2023, after comprehensive briefing by the parties, the Court entered a general injunction and a ten-year specific injunction as to Sargent's participation in an offering of any penny stock, including acting as a broker, dealer or issuer, in regards to issuance, trading or inducing others to do so.  Order Partial J. ("the Injunction"), ECF No. 333.  The Injunction having been vacated by the First Circuit, the Court now provides its reasoning and reaffirms the issuance of the Injunction.

---

and explain its rationale," Sargent, 129 F.4th at 16, as requiring this Court to review the injunction issue. Alternatively, if not so required, this Court "determines that there will result a substantial saving in the time of the whole court and that there is no reason why, in the interest of justice, further proceedings" solely on the injunction issue, "should be conducted before another judge." L.R. 40.1(l)(2). Indeed, the Court devoted substantial resources in consideration and issuance of the injunctive relief and the First Circuit took no view as to the merits of the issuance of the injunction.  The Court therefore undertakes its duty to provide the basis for its issuance of the injunction as mandated by the First Circuit.

As the First Circuit holds, and as argued by the SEC, SEC
Mem. Supp. Mot. Entry of Final J. ("SEC Mem.") 7-9, ECF No. 283,
Section 20(b) of the Securities Act, 15 U.S.C. § 77t(b),
"permits the SEC to seek an injunction against a person
'[w]henever it shall appear to the [SEC] that [the] person is
engaged or about to engage in any acts or practices which
constitute or will constitute a violation of'" the Act.
Sargent, 129 F.4th at 15 (1st Cir. 2025) (quoting 15 U.S.C. §
77t(b)). With respect to penny stocks, "[t]he Act also provides
that in any proceeding 'against any person participating in, or,
at the time of the alleged misconduct, who was participating in,
an offering of penny stock, the court may prohibit that person
from participating in an offering of penny stock, conditionally
or unconditionally, and permanently or [temporarily].'" Id.
(quoting 15 U.S.C. § 77t(g)(1)).

Issuance of an injunction under the above statutes is
appropriate here as the Court finds a "reasonable likelihood of
recidivism." Id. This recidivism determination as to a general
injunction is based upon an analysis of "several factors, none
of which is determinative." Id. (quoting Securities and Exch.
Comm'n v. Lemelson, 57 F.4th 17, 30 (1st Cir. 2023):

  (1)  the nature of the violation, including its
       egregiousness and its isolated or repeated nature,

  (2)  whether the defendant[] will, owing to their
       occupation, be in a position to violate again, and

[3]

> (3)  whether the defendant[] ha[s] recognized the
>      wrongfulness of their conduct.

Id. (citation and quotation omitted).  As for penny-stock bars,

"courts typically also consider the defendant's repeat-offender

status, the defendant's role in the offense, the defendant's

degree of scienter, and the defendant's economic stake in the

violation."  Id. at 16.

As for the general injunction factors, all three factors

weigh in favor of a general "obey-the-law"[2] injunction in the

first instance.  First, as for the nature of the violation, the

SEC proved at summary judgment that it was entitled to judgment

as matter of law for violation of Section 5 of the Act where

Sargent participated in an unregistered transaction, acting as

an underwriter, purchasing shares at $0.02 or $ $0.10 per share

and then selling those share at $30 per share.  Sargent, 589 F.

Supp. 3d at 205.  The Court credits that the scheme was somewhat

isolated, but resulted in an over $600,000 benefit to Sargent.

This Court credits evidence that the scheme was egregious

because Sargent was in a position of trust -- an attorney and

chartered financial analyst ("CFA") -- and has opportunity and

---

[2] "An injunction that 'simply admonish[es] [a defendant] to obey
the federal securities law in [the] future' is known as an
'obey-the-law' injunction." Securities and Exch. Comm'n v.
McLellan, 737 F. Supp. 3d 95, 106 (D. Mass. 2024) (Woodlock, J.)
(quoting Securities and Exch. Comm'n v. Jones, 300 F.Supp.3d
312, 318 (D. Mass. 2018) (Stearns, J.).

means to undertake similar schemes in the future.    SEC Mem. 6-
8; SEC Suppl. Mem. 7.  As the Commission argues, "Sargent is a
seasoned securities attorney and CFA -- an individual who should
have been acting as a gatekeeper ensuring compliance with the
laws governing penny stock offerings."  SEC Suppl. Mem. 9.
Sargent did the opposite, using that position to violate the
securities laws, making the violations egregious.

        Second, as Sargent is a lawyer and a CFA, this type of
sophisticated scheme is subject to repetition through potential
access to nominal shareholders in the future.

        Third, Sargent has demonstrated neither acceptance of
responsibility nor remorse for his actions.  Rather, Sargent
continues to deny any responsibility for his actions.

        As for a specific, penny-stock injunction factors, there is
no evidence that Sargent is a repeat offender, and the Court
credits the letters of support from friends and colleagues.
Def.'s Mem. Law Opp. Pl.'s Mot. Final J. ("Sargent's Opp."), ECF
No. 293, & Ex. A.  Sargent's role in the scheme and ill-gotten
gains, however, are established.

        The Court carefully considered the parties' arguments, the
evidence, and submissions, including Sargent's letters of
support.  Weighing the appropriate factors set forth above, in
light of the evidence before the Court, the Court determined
(and determines) that the permanent general injunction was

                                [5]

appropriate, but that the SEC's request for a permanent penny-stock bar was too severe, particularly because the evidence did not establish that Sargent is a repeat offender, and also crediting the letters of support from friends and colleagues.

That Sargent is not a repeat offender, and until the violations at issue here apparently had a blemish-free career, is but one factor, and does not mean there is no danger of recidivism.  To the contrary, when weighed against all of the other factors as set forth above, this Court's judgment is that there is at least a reasonable likelihood of recidivism, and that a permanent general injunction and ten-year penny stock ban is an appropriate injunctive remedy to incentivize Sargent to refrain from violation of the securities laws.  Even were it considered a one-time defalcation, Sargent's conduct constituted a sophisticated, premeditated scheme that capitalized on Sargent's positions of trust to line his own pockets to the tune of over $600,000.  The Injunction, ECF No. 333, is warranted and therefore REINSTATED under the mandate authorizing the Court to revisit its earlier ruling.

### B. The Civil Penalty Issue

As for further proceedings, including consideration of civil penalties, pursuant to Local Rule 40.1(l)(2), the Court returns this action to the Clerk of Court for reassignment to a different judicial officer for further proceedings.  This Court

[6]

does not interpret the First Circuit's mandate to require it to determine the civil penalty issue, and the exception to Local Rule 40.1(l)(2) that applied to the injunction issue, is inapplicable to consideration of the civil penalty issue.

The reason for this recusal is simply put.  This Court, having carefully analyzed why no reasonable jury could find other than that Sargent violated Section 5, Sargent, 589 F. Supp. 3d at 206 -- that judgment affirmed by the First Circuit, Sargent, 129 F. 4th at 15 (1st Cir. 2025) -- then ruled, bereft of any logic whatsoever, that it could not enter a civil penalty absent that verdict of the jury it had just ruled unnecessary. In these circumstances, it is best that a second set of district court eyes ought view the matter afresh.

**SO ORDERED.**

William G. Young

WILLIAM G. YOUNG
JUDGE
of the
UNITED STATES[3]

---

[3] This is how my predecessor, Peleg Sprague (D. Mass. 1841-1865), would sign official documents.  Now that I'm a Senior District Judge I adopt this format in honor of all the judicial colleagues, state and federal, with whom I have had the privilege to serve over the past 47 years.