**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,     ) | |
| ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| v.   ) | Case No. 19-CV-11416 (MJJ) |
| ) | |
| HENRY B. SARGENT,   ) | |
| ) | |
| Defendant.   ) | |

**DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT**

Defendant Henry B. Sargent respectfully moves pursuant to Fed. R. Civ. P. 59(e) for an

Order altering and amending the Judgment entered at ECF 383.  The Court's reasoning

concerning the calculation of the penalty included in the judgment, as set forth in the

Memorandum of Decision dated March 6, 2026, ECF Doc. No. 382, rests on an error of fact.

Specifically, the Court found that Mr. Sargent received $650,000 in addition to the profits he was

separately ordered to disgorge; that finding was based upon a manifest error of fact for the

reasons set for below.  Based on that error, the Court calculated a penalty intended to "account

for" $650,000 in income that, according to the Court, Mr. Sargent would otherwise retain.  This

calculation double-counted funds that Mr. Sargent received.

Indeed, the Court overlooked that the parties agreed on summary judgment—and the First

Circuit expressly found—that Mr. Sargent received $325,000 in additional funds, half of the total

the Court calculated.

A judgment entered on summary judgment must be based solely on undisputed facts. The judgment at issue—because it relies on a manifest error of fact—must be altered and amended to avoid a manifest injustice.

Rule 59(e) of the Federal Rules of Civil Procedure allows a party to file a motion to alter or amend a judgment. Fed. R. Civ. P. 59(e). However, in authorizing post-judgment motions to alter a judgment, the Rule does not specify what grounds would justify such an alteration. *ACA Fin. Guar. Corp. v. Advest, Inc.*, 512 F.3d 46, 55 (1st Cir. 2008). Accordingly, district courts "enjoy considerable discretion in deciding Rule 59(e) motions, subject to circumstances developed in the case law." *Id.* Under the caselaw, Rule 59(e) motions can be granted based on manifest errors of law or fact and/or to avoid a manifest injustice. *Marie v. Allied Home Mortg. Corp.*, 402 F.3d 1, 7 n. 2 (1st Cir. 2005). Here, the Court's determination and the resultant judgment relied on a manifest error of fact, and the judgment should therefore be altered and amended.

In the Memorandum of Decision, having determined that it did not need to consider each of the factors courts traditionally consider and rely upon to assess the appropriateness of a penalty, the Court nevertheless explained that Mr. Sargent's genuine remorse "weighs in favor of a more lenient penalty." ECF 382 at 9-10. The Court then reasoned that a penalty in the amount of $630,979 was nevertheless warranted. That determination rested on an erroneous accounting of the money Mr. Sargent received from PixarBio in connection with the sale of his company. Specifically, the Court found it "undisputed that Sargent received $650,000 in additional payments … that was not accounted for in the disgorgement calculation or in the calculation of Sargent's gross pecuniary gain." *Id.* at 10 (*citing* ECF. 357 at 11-12 for proposition that Mr. Sargent received $650,000).

This was error.  The undisputed fact is that Mr. Sargent received $325,000 in additional payments, not $650,000.  In calculating its $650,000 total, the Court appears to have double-counted the sums in question.  *See* ECF 357 at 11-12 (reciting $325,000 total income, comprised of a $108,500 payment for restricted BMP stock, a $191,500 payment to satisfy an outstanding loan extended by Mr. Sargent, and a $25,000 contribution to pay certain BMP operating expenses); *U.S. Sec. & Exch. Comm'n v. Sargent*, 129 F.4th 1, 7 (1st Cir. 2025) ("Under the agreement, Sargent transferred 5,000,000 shares of his restricted BMP stock to PixarBio for $108,500; the agreement also provided that PixarBio would contribute $191,500 to satisfy an outstanding loan from Sargent to BMP, and $25,000 to pay certain BMP operating expenses, **for a total sum from PixarBio of $325,000**") (emphasis added).

The Court seemingly believed that Mr. Sargent received payment for the shares, the PixarBio contribution, reimbursement of operating expenses, *plus* a $325,000 payment, thereby doubling the amount Mr. Sargent actually was paid.  Premised on that misunderstanding payments, the Court reasoned that "[t]o leave [a $650,000] benefit[] unaccounted for would undermine Congress' intent to punish and deter securities law violators."  ECF 382 at 10-11.  For that reason, the Court imposed a $630,979 penalty on Mr. Sargent.

The Court relied on an erroneous calculation of Mr. Sargent's income when it imposed the penalty despite having found – and then ignoring -- that Mr. Sargent's genuine remorse weighed in favor of leniency.  Under the circumstances presented, imposing a $630,979 penalty to "account for" additional income in the amount of only $325,000 would constitute a manifest injustice.

The penalty runs counter to the Court's stated goal in imposing a penalty.  The Court articulated that it wanted to ensure that Mr. Sargent retained no benefits from the sale of his

company.  For that reason, the Court calculated a penalty that would "account for" the benefits

he would otherwise retain.  Those "benefits," as the parties agreed and as the First Circuit found,

totaled no more than $325,000.

For the above-stated reasons, it is respectfully submitted that the Court should amend the

judgment and reduce the penalty by the sum of $325,000 [1]

Dated:    New York, New York
          April 2, 2026

                                        MOSKOWITZ COLSON
                                        GINSBERG & SCHULMAN, LLP


                                            */s/ Peter R. Ginsberg*
                                        Peter R. Ginsberg (admitted *pro hac vice*)
                                        Christopher R. Neff (admitted *pro hac vice*)
                                        One Battery Park Plaza, 31st Floor
                                        New York, New York 10004
                                        *Attorneys for Defendant*

---

[1] For purposes of avoiding appellate waiver, Mr. Sargent reasserts and re-urges each of the additional arguments previously asserted in opposition to the imposition of injunctive relief, disgorgement, and penalties.

**CERTIFICATE OF SERVICE**

I, Peter R. Ginsberg, certify that on April 2, 2026, this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF and paper copies will be sent to any indicated as non-registered participants.

*/s/ Peter R. Ginsberg*
